## CONWAY v. THE TOWN OF JEFFERSON.

Judgment will not be arrested because the declaration may contain some claims that are illegal, if it also contain others upon which the plaintiff may properly recover.

Where it does not appear from a case that any specific instructions to the jury were asked for, and no exception is taken to such instructions as are given upon any particular question, it will be presumed that all necessary instructions were correctly given.

Under our statute which provides for the recovery of damages against a town, for injuries done to the plaintiff's "person, or to his team or carriage," by the insufficiency of a highway, held, that plaintiff may recover for injuries to his sled and load of coal thereon.

The use of a road by the public as a highway for twenty years, openly, adversely, under a claim of right, exclusively and continuously, will make it a public highway by prescription against all parties interested.

CASE, for damage caused by the insufficiency of a highway, Jan. 1, 1861. The plaintiff claimed that the highway had been established by prescription. There was evidence tending to show that the road alleged to be defective, was formerly the road of the Jefferson turnpike, incorporated in 1804, and that the turnpike company had not maintained any gate, or taken any toll, or used or repaired the road since 1825; and there was no evidence that the company, since that time, had made any claim upon, or exercised any control over it, or in any way objected to the use made of the road by the public. Certain land owners, about 1840, and at various other times after 1825, had maintained bars across the road in summer.

The court instructed the jury that the road was a highway, if, since 1825, it had been used by the public as a highway, twenty years, openly, adversely, under a claim of right, exclusively, continuously, and uninterruptedly; that it could be thus established against the turnpike company as well as against the land owners and the town, whether the turnpike company had been dissolved or was still existing; that the bars did not necessarily constitute an interruption that would defeat the prescriptive right; that they would be such an interruption if the land owners intended, by erecting or maintaining them, to interrupt the prescription or the public use of the road, to prevent any one from passing, or to dispute or oppose the right of any one to pass; but that they would

not be such an interruption if they were erected and maintained merely for the accommodation and convenience of the land owners in the management of their fences, pastures and cattle, with knowledge of, and acquiescence in, the adverse public use.   To these instructions the defendant excepted.

The plaintiff alleged in the only count in the declaration, that "he was passing along, upon, and over the said highway with his team drawing a load of coal, and that then and there by reason of the insufficiency and want of repair of the said highway as aforesaid, the plaintiff's sled and rack containing said load of coal with the plaintiff thereon was overturned, and the plaintiff was thereby greatly injured in his neck, back, sides, arms, legs and body, and the plaintiff's said rack and sled were broken up and injured, and the plaintiff's coal aforesaid was spilled and wasted to the amount of fifty bushels of the value of five dollars, and the plaintiff has been obliged to expend, and has expended, to wit, the sum of one hundred dollars in and about the healing of the bruises and injuries of the plaintiff as aforesaid, and in and about the repair of the plaintiff's said rack and sled."

*Ad damnum*, $100.   The plaintiff claimed exemplary damages. There was evidence tending to show that the plaintiff and his rack were injured.

The evidence concerning the coal was the testimony of the plaintiff that the day after the accident, he returned with two men and gathered up the coal; that he could not get all of it out of the snow, but lost about forty bushels, worth five cents a bushel.   The jury returned a verdict for plaintiff for $93.22.

The defendant moved in arrest of judgment, because of that part of the declaration relating to the coal, on the ground that the plaintiff could recover only for damage to his person, team or carriage.   The plaintiff moved to remit damages if it should become necessary.

Defendant also moved to set aside the verdict because of the instructions, to which he excepted.

The questions of law were reserved.

*Burns & Fletcher*, for defendant.

*Benton & Ray*, for plaintiff.

SARGENT, J.   The instructions to which the defendant excepted, were, we think, correct and proper.   The point made in the argument, that after the obstructions were proved the burden of proof was upon the plaintiff to show why, that is, for what purpose and with what motive, the bars were placed across this way, may be correct in principle, but is not raised by the case.   If defendant desired to raise that question he should have asked for instructions upon that subject, and, for aught that appears, they may in fact have been given.   The case does not show that any instructions were asked for that were not given, or that any exception was taken to any that were given ; and the presumption is in such case that proper instructions were given.

The motion in arrest of judgment stands upon no better grounds. Judgment will not be arrested because the declaration may have contained some claims that were illegal, if it also contained others upon which the plaintiff might recover. It does not appear that any instructions were asked for in regard to the question of the liability of the town for the coal, nor was any exception taken to any instructions that were given on that point. The presumption, then, is, that the instructions on that point were correct, and if the law was that no damage could be recovered for the coal, the presumption would be that the jury were so instructed and found accordingly. There is nothing in the case or in the verdict that shows or tends to show that the jury included in the verdict anything for the coal. The plaintiff has no occasion to remit any part of the verdict as found by the jury.

But upon examining chapter 57 of the Revised Statutes, and considering all its provisions, we have no doubt that the legislature intended to include in the term *team* in the first section, the animal or animals that drew or carried the load, whether one or many, or that were driven over the highway, whether in harness or otherwise; and by the term *carriage* they intended to include whatever carried the load, whether upon wheels or runners, and also that which was carried, whether on wheels or runners, or on horseback. I have looked in vain for legal authorities on the use and construction of these words. But the dictionary, the only authority I have found, justifies, I think, the construction I have given them. See Webster's Dictionary, Unabridged, edition of 1865, titles *Team* and *Carriage*.

But it is claimed here that there must be a dedication of the highway and an acceptance of the same by the town as a public highway, before the town can be held liable for its defects, and that this acceptance must be shown by some acts of the town, which at least indicate their intention to adopt it as an existing highway. This question has been recently considered and determined by this court, in *Stevens* v. *Nashua,* (*ante,* 192,) where it was held that where there is a dedication to the public use by the owner of land, twenty years use of it as a public highway is conclusive evidence of an acceptance, and where there is no such dedication, then such use for that term of time, if continuous and adverse, will be conclusive evidence of a right so to use such highway, not only as against the land owner, but also as against the city or town to be charged with its maintenance and repair. Under the instructions given in this case, the jury may have found a highway by dedication and acceptance, or by prescription, either of which would be sufficient.

*Judgment on the verdict.*